IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


RACHARD HUNTER                                                                          PLAINTIFF

    v.                              Civil No. 1:13-cv-01090

LIEUTENANT FAULKNER;
CAPTAIN MITCHAM;
LIEUTENANT BRIGGS;
OFFICER T. WARD; and
SHERIFF MIKE MCGOUGH                                                                  DEFENDANTS


**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

   This is a civil rights action filed *pro se* by the Plaintiff, Richard Hunter, pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated at the Arkansas Department of Correction Delta Regional Unit ("ADC").

   Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  Currently before the Court is Defendants' Motion for Summary Judgment.  ECF No. 15.  I held a hearing on December 16, 2015, at which time, I heard Plaintiff's sworn testimony in response to the Motion for Summary Judgment.  After careful consideration, I enter the following Report and Recommendation.

**1.    BACKGROUND**

   Plaintiff filed his Complaint on November 19, 2013.  ECF No. 1.  The Plaintiff's claim concerns his incarceration in the Union County Detention Center ("UCDC").  In his Complaint,

Plaintiff names Lieutenant Faulkner, Captain Mitcham, Lieutenant Briggs, Officer T. Ward, and Sheriff Mike McGough as Defendants.  ECF No. 1.  Plaintiff claims both individual and official capacity claims against all Defendants.  Specifically, Plaintiff claims Defendants violated his constitutional rights by denying him a mattress to sleep on for ten (10) days.  ECF No. 1.

Defendants filed a Motion for Summary Judgment on June 1, 2015.  ECF No. 15.  In this Motion, Defendants argued: (1) Plaintiff failed to allege any official capacity claims; (2) Plaintiff failed to show how Defendants McGough and Mitcham were involved in the alleged actions; and (3) Defendants were not deliberately indifferent to Plaintiff.  ECF No. 15.

The Court held a hearing on this Motion on December 16, 2015.  At this hearing, Plaintiff provided sworn testimony as his response to Defendants' Motion.  Plaintiff also requested time to submit discovery requests to Defendants and have Defendants' responses submitted as a supplement to his testimony.  I granted this request and directed Defendants to send the Court a copy of their discovery responses.  Defendants complied and the responses were filed as supplemental exhibits to Plaintiff's testimonial response to Defendants' Motion.  ECF No. 24.

2.     **SUMMARY JUDGMENT RECORD**

At the summary judgment hearing, I asked Plaintiff to provide a sworn statement detailing how he believes his constitutional rights were violated in response to the Defendant's Motion for Summary Judgment.  Below is a summary of his sworn testimony:

Plaintiff testified he was booked into the UCDC on September 11, 2013.  At book-in, Plaintiff received "two half blankets" but no mattress for sleeping.  Defendant Briggs gave Plaintiff the blankets.  Plaintiff filed a grievance about having to sleep on the floor without a mattress. The next day, September 12, 2013, Plaintiff asked Defendants Faulkner and Ward for a mattress.  Two

days later Defendant Faulkner told Plaintiff they were working to get him a mattress. Plaintiff asked Defendant Briggs for a mattress on September 16, 2013. Plaintiff was given an air mattress on September 17, 2013, however, it deflated that same night and was never inflated again. Plaintiff testified he only had the deflated mattress and one blanket from September 17, 213 until September 21, 2013 because they had taken his "two half blankets" away when they gave him the air mattress. Plaintiff received a standard mattress on September 21, 2013 because another inmate left the UCDC.

I then asked Plaintiff to explain how he believes each Defendant violated his constitutional rights. Plaintiff provided the following testimony:

<u>Defendant Sheriff McGough</u>: Plaintiff testified he had no direct contact with Defendant McGough, but Plaintiff believes Defendant McGough should have known Plaintiff did not have a mattress from Plaintiff's grievances.

<u>Defendant Mitcham</u>: Plaintiff testified he believed Defendant Mitcham violated his rights because he is the Captain of the UCDC and he should have known Plaintiff did not have a mattress. Plaintiff also testified he had no direct contact with Defendant Mitcham.

<u>Defendants Defendants Faulkner, Briggs, and Ward</u>: Plaintiff did not offer any specific testimony as to Defendants Faulkner, Briggs, and Ward at this time, however, during his narrative of the events at issue he specifically named Defendants Faulkner, Briggs, and Ward as officer he spoke with regarding a mattress. This is included in the above summary.

I then asked Plaintiff to explain what policy of Union County he believed violated his constitutional rights. Plaintiff testified he believes the policy of Union County is to give a mattress to all inmates, but when the UCDC is overcrowded they are unable to do so.

Finally, I asked Plaintiff how he was injured by the denial of a mattress. Plaintiff testified that he was injured by the denial of a mattress because he suffers pain in his neck and feet. Additionally, Plaintiff testified he never put a sick-call request in about this pain because he does not want a medical restraint in his jail file to keep him from working within the ADC system. Further, Plaintiff testified he suffered pain in his feet and back before he was incarcerated in the UCDC, but he believes the denial of a mattress made the pain worse. Plaintiff again reiterated the pain was not severe enough to keep him from work assignments.

Plaintiff also requested an opportunity to conduct additional discovery, through interrogatories, and submit Defendants' responses as a supplement to his oral response. I granted this request. The responses were filed on the docket in this matter on January 20, 2016. I reviewed the discovery responses and included here a summary of the pertinent responses:

Plaintiff first proposed several interrogatories to Defendant McGough. Defendant McGough states he was unaware the UCDC was overcrowded on September 11, 2016, and he does not recall his staff bringing him any inmate grievances regarding mattresses. Defendant McGough also states the UCDC has no written policy for over crowding but the custom is to take measures to reduce the population such as releasing and transferring appropriate inmates. Additionally, Defendant McGough states there are times when the UCDC is overcrowded that additional items and supplies must be ordered and the UCDC must await the delivery of these items and supplies before it can provide these items to the inmates. Finally, Defendant McGough when all mattresses are out to inmates, the UCDC staff will give new inmates two or three blankets until the ordered mattresses arrive.

Plaintiff then posed several interrogatories to "Sgt. Green and Lt. Briggs." There is no

Defendant by the name of Sgt. Green in this matter, however, I will consider these responses from Defendant Briggs.  Defendant Briggs states he did inform someone the UCDC needed new mattresses on September 11, 2013.[1]  Defendant Briggs was told to provide those inmates without mattresses extra blankets and to purchase some air mattresses.  Defendant Briggs stated he provided Plaintiff with three extra blankets when he was booked into the UCDC.  Defendant Briggs stated it is the custom of UCDC to provide the extra blankets and air mattresses to inmates as a temporary solution when the UCDC runs out of mattresses.  Defendant Briggs also states the air mattress provided to Plaintiff was purchased at a local store.

Finally, Plaintiff posed several interrogatories to Defendant Mitcham.  Defendant Mitcham stated he was aware the UCDC was overcrowded to correct the problem he ordered additional mattresses, purchased air mattresses, and provided inmates with extra blankets to compensate for their lack of a mattress until the ordered mattresses arrived.

**3.   LEGAL STANDARD**

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party."  *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995).  The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but

---

[1] Plaintiff asked Defendant Briggs if he informed "anyone" and Defendant Briggs responded with "yes."  No other information was provided.  ECF No. 24, p. 3.

the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**4.      DISCUSSION**

Plaintiff claims his constitutional rights were violated at the UCDC when he was denied a mattress from September 11, 2013 until September 21, 2013—total of ten days.[2] I construe this as a conditions of confinement claim.

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Here, it appears Plaintiff was a pre-trial detainee at the time of the alleged incidents, however, the Eighth Circuit applies the same deliberate indifference standard to pretrial detainees as applied to convicted inmates. *See Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006) (deliberate indifference standard of the Eighth

---

[2] Defendants note in their Brief in Support of Motion for Summary Judgment a discrepancy between Plaintiff's alleged time table in his Complaint and discovery responses. Herein I have used the dates and timetable Plaintiff provided at the hearing.

Amendment applies to claims, brought by pretrial detainees and convicted inmates, that prison officials failed to provide adequate food, clothing, shelter, etc.). The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions involving "wanton and unnecessary infliction of pain," or that are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (*citing Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner" *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels,* 382 F.3d at 875. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

The Eighth Circuit has stated jails or prison officials must provide reasonably adequate ventilation, sanitation, bedding, hygienic materials, food, and utilities. *Irving v. Dormire,* 519 F.3d 441 (8th Cir. 2008). However, Plaintiff must show that his living conditions denied him of minimal measure of life's necessities. *Williams v. Delo,* 49 F.3d 442, 445 (8th Cir. 1995). Plaintiff must show that the condition he complains of posed a substantial risk of serious harm to

his health.  *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

As stated above, the material facts here are undisputed.  Plaintiff was forced to sleep on the floor with only "two half blankets" from September 11, 2013 to September 17, 2013 at which time he was given a blow-up mattress.  The blow-up mattress lost its air on the same night and Plaintiff slept on the deflated blow-up mattress with one blanket from September 17, 2013 to September 21, 2013 when he received a proper mattress.  Viewing all evidence and inferences in a light most favorable to Plaintiff, I find these facts fail to rise to the level of a constitutional violation.  *See O'Leary v. Iowa State Men's Reformatory,* 79 F.3d 82, 84 (8th Cir. 1996) (inmate forced to spend four days sleeping on a concrete slab without a blanket or mattress did not state a constitutional violation)*; Ferguson v. Cape Girardeau County,* 88 F.3d 647, 650 (8th Cir. 1996) (use of a floor mattress for thirteen nights did not violate inmates rights); *Williams v. Delo*, 49 F.3d 442 (8th Cir. 1995) (holding that four days without water, a mattress, bedding, clothing, legal mail, or hygienic supplies did not violate the Eighth Amendment).  *See also Desroche v. Strain,* 507 F.Supp.2d 571, 579-80 (E.D. La. Aug. 16, 2007) (Sleeping on the floor in a crowded holding tank for ten days fails to state a constitutional violation because the conditions were temporary, and the short duration did not result in sufficiently serious conditions posing a substantial risk of serious harm to the inmate.) (citing *Farmer* 511 U.S. 825, 834 (1994)).  While Plaintiff may have been uncomfortable without a mattress, this was not a deprivation of any minimal civilized measure of life's necessities.  *See Revels*, 382 F.3d at 875.

Further, Plaintiff has failed to point to any actions by any Defendant to evidence deliberate indifference.  The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner. *Revels*, 382 F.3d at 875.  It is

undisputed Defendants attempted to compensate for the lack of a mattress by providing Plaintiff extra blankets and an air mattress until a proper mattress became available. Moreover, Plaintiff testified he did not file a sick-call regarding his back and feet pain because he did not want to jeopardize any work opportunities. Therefore, there is nothing on the record to indicate any of the Defendants were aware that Plaintiff sleeping on the floor posed a risk to his health or safety.

Accordingly, I find Plaintiff's official and individual capacity claims regarding the denial of a mattress fails as a matter of law.

5. **CONCLUSION**

Accordingly, I recommend Defendant's Motion for Summary Judgment (ECF No. 15) be **GRANTED** and Plaintiff's Complaint be dismissed with prejudice.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **25th day of January 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE